# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JOANN CARTER,<br><br>Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>Defendant. | No. C 12-4085-MWB<br><br>**ORDER REGARDING REPORT AND RECOMMENDATION** |

This case is before me on a Report and Recommendation (R&R) from United States Magistrate Judge Leonard Strand, entered on September 26, 2013 (docket no. 14). In his R&R, Judge Strand recommends that I affirm an administrative law judge's (ALJ's) decision to deny the plaintiff, Joann Carter (Carter), Title II disability insurance benefits (DIB) and Title XVI supplemental security income (SSI) under the Social Security Act. On October 18, 2013, Carter filed a threadbare objection to the R&R (docket no. 19).[1] On October 23, 2013, the Commissioner of Social Security (the Commissioner) filed a response to Carter's objection, urging me to adopt the R&R (docket no. 20). For the reasons discussed below, I adopt the R&R and affirm the Commissioner's decision denying Carter benefits.

---

[1] Usually, a party must file an objection to an R&R within 14 days. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). But, Judge Strand stayed this case after he issued his R&R due to complications with the government shutdown (docket no. 16), and later lifted the stay with a new objection deadline of October 28, 2013 (docket no. 18). Thus, Carter timely filed her objection.

In his R&R, Judge Strand concluded that substantial evidence supports the ALJ's decision to deny Carter benefits. I review this conclusion pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28. U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. Ia. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's R&R). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review *de novo* any issue in a magistrate judge's R&R at any time. *Id*. Usually, if a party files an objection to the magistrate judge's R&R, the district court *must* "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

Here, Carter has filed an objection to the R&R, but it is uniquely vague. In response to Judge Strand's 21-page R&R, Carter makes a three-sentence objection:

> Plaintiff hereby objects to the Report and Recommendation herein by the Magistrate Judge, filed September 26, 2013. The particular finding objected to is that the ALJ's decision to deny benefits is supported by substantial evidence. The following parts of the record form the bases for plaintiff's objections: Transcript pages 9, 32-37, 40-43, 50-51, 53-57, 125-28, 136-39, 243, 249, 258-65, 268, 270-90, 330-33, 335, 337, 339, 359-411, 426, 456-67, 536-37, and 541.

(Docket no. 19, at 1). This objection fails to comply with Local Rule 72.1, which states that "[a] party who objects to . . . a magistrate judge's report and recommendation must file *specific*, written objections to the . . . report and recommendation . . . ." (emphasis added). Carter's objection is devoid of any specificity. Where Judge Strand conducted a detailed analysis of the ALJ's decision, Carter objects by making the same argument—in the broadest terms possible—that she made before Judge Strand: that the ALJ's decision is not supported by substantial evidence. Carter does not cite a single page, sentence, or paragraph from the R&R that she claims is erroneous, let alone identify a particular flaw in Judge Strand's reasoning. While Carter does list a number of pages from the record, she does not state what information on those pages supports her objection, or what specific parts of the R&R those pages refute.

Carter's vague, general objection to the R&R is akin to making no objection at all. The Sixth Circuit Court of Appeals has explained why:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We

3

> would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (internal citations omitted); *accord United States v. Scott*, No. CR07-2004-MWB, 2007 WL 1668058, at *4 (N.D. Iowa June 7, 2007) ("Therefore, the court denies defendant Scott's objection on the ground that defendant Scott has failed to state his objection with the requisite particularity."). Similarly, the Eighth Circuit Court of Appeals has noted that a number of circuits hold that a district court need not conduct a *de novo* review of a magistrate's order where the objecting party makes only a general, conclusory objection. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). It has also noted that "[t]here is language in [*Branch v. Martin*, 886 F.2d 1043 (8th Cir. 1989)] which indicates this Circuit's approval of such an exception." *Belk*, 15 F.3d at 815 (citing *Branch*, 886 F.3d at 1046 ("In the present case, plaintiff's objections to the magistrate's factual conclusions were timely filed and specific enough to trigger *de novo* review." (further citations omitted))). Still, the Eighth Circuit Court of Appeals has suggested that, in cases involving "strikingly brief" records, or those in which a *pro se* litigant objects, district courts should apply *de novo* review more liberally, even in the face of general objections. *See id.* (holding that a *pro se* litigant's objections were "definite enough" to trigger *de novo* review of a concise record); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (holding that a litigant's "pro se objections sufficiently directed the district court to the alleged errors").

Here, Carter is represented by counsel and the record relatively lengthy, yet Carter offers nothing more than a conslusory objection to Judge Strand's R&R. Under these circumstances, I treat Carter's objection as if she had not objected at all. Thus, I

will review Judge Strand's R&R under a "clearly erroneous" standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). The United States Supreme Court has explained that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Having reviewed Judge Strand's very thorough and well-written findings of fact and conclusions of law in the September 26, 2013, R&R, I find no clear error and adopt the R&R (docket no. 14). The Commissioner's decision is affirmed. The Clerk is directed to enter judgment against Carter and in favor of the Commissioner.

**IT IS SO ORDERED**.

**DATED** this 8th day of November, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA